UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Health Discovery Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Intel Corporation,<br><br>Defendant. | Civil Action No. 6:22-cv-00356-ADA<br><br><br>**JURY TRIAL DEMANDED** |

**INTEL CORPORATION'S OPPOSITION TO HEALTH DISCOVERY CORPORATION'S REQUEST TO USE PREVIOUS CASE NUMBER**

Defendant Intel Corporation opposes HDC's request to proceed under the original case number. HDC made a strategic decision to file a new complaint under a new case number rather than pursue its noticed appeal of the original case number. It should be held to the consequently shorter damages period.

The Court dismissed HDC's original complaint last December without prejudice, and then closed the case. Dkt. 66 in 6:20-cv-00666-ADA. Rather than moving to amend its complaint or asking the court to reconsider its decision, HDC filed a notice of appeal to the Federal Circuit. Months later, the day before its opening appeal brief was due, HDC moved to dismiss the appeal and elected to simultaneously file a new complaint. HDC should not get a "do-over" to effectively amend its complaint in the original action over five months after the Court's dismissal order.

There are consequences to HDC's decision to file a new complaint rather than amend its original complaint: it materially changes the damages period. Section 286 only allows damages six years back from the filing of the complaint, so the filing date matters. 35 U.S.C. §286. HDC

has not explained its basis for requesting to proceed under the old case number, but it may be an attempt to effectively convert its new complaint to an amended complaint in order to claim that it is entitled to its original filing date and the original damages window under the relation-back doctrine.  *See Anza Technology, Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1370-73 (Fed. Cir. 2019); Fed. R. Civ. P. 15(c).  By contrast, the relation-back doctrine would not apply to the new complaint.  *See, e.g.*, *Carter v. Texas Dep't of Health*, 119 F. App'x 577, 581 (5th Cir. 2004) (Rule 15(c)'s relation-back doctrine applies to *amended* pleadings, not *new* pleadings); *Luckett v. Rent-A-Center, Inc.*, 53 F.3d 871, 873 (7th Cir. 1995) (same); *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012) (same).  HDC's new complaint shifts the damages window forward by twenty months and eliminates twenty months from the damages period altogether for the three asserted patents that have since expired.  HDC should not be allowed to attempt to recapture the portion of the damages window that it gave up when it chose to dismiss its appeal and file a new complaint.

Dated: June 10, 2022

**PERKINS COIE LLP**

*/s/ Kourtney Mueller Merrill*
Jose C. Villarreal (TX Bar No. 24003113)
JVillarreal@perkinscoie.com
PERKINS COIE LLP
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (737) 256-6100
Fax: (737) 256-6300

Sarah E. Piepmeier, *admitted*
(CA Bar No. 227094)
SPiepmeier@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Tel: (415) 344-7000
Fax: (415) 344-7050

Kourtney Mueller Merrill, *admitted*
(CO Bar No. 36662)
KMerrill@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400,
Denver, CO 80202-5255
Tel: (303) 291-2388
Fax: (303) 291-2488

***Attorneys for Defendant Intel Corporation***

- 4 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Kourtney Mueller Merrill*
