IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Health Discovery Corporation<br><br>    Plaintiff,<br><br>    v.<br><br>Intel Corporation<br><br>    Defendant. | Civil Action No. 6:22-cv-356-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**HEALTH DISCOVERY CORPORATION'S REPLY TO INTEL CORPORATION'S OPPOSITION TO REQUEST TO USE PREVIOUS CASE NUMBER**

Plaintiff Health Discovery Corporation's ("HDC")'s refiled complaint should be allowed to proceed under the original case number, 6:20-cv-00666-ADA. HDC could not have amended its original complaint because the Court administratively closed the case. Dkt. 66 in 6:20-cv-00666-ADA. Thus, contrary to Intel's assertion, HDC made no "strategic decision to file a new complaint under a new case number" as this procedure was mandated by the Court's closure of the original case. HDC's refiled complaint is functionally an amended complaint and should be treated as such—it is virtually identical to the original complaint, involving the same parties and the same patents and essentially the same claims for infringement and defenses. The only significant difference is HDC added additional factual allegations concerning the subject matter eligibility of the patents.

HDC's refiled complaint should relate back because it is functionally an amended complaint. "The relation-back doctrine is controlled 'not by the caption given a particular cause of action, but by the underlying facts upon which the cause of action is based.'" *Cornett v. United Airlines, Inc.*, No. A-18-CV-698 LY, 2019 U.S. Dist. LEXIS 191636, at *13 (W.D. Tex. Nov. 5,

2019), citing *Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991). Courts should apply the relation back doctrine "liberally," with the key consideration being whether "the original complaint put the defendant on adequate notice of the claim." *Id.*, citing *Galvan v. Bexar County, Tex.*, 785 F.2d 1298, 1305 (5th Cir. 1986). Here, HDC's refiled complaint more than adequately put Intel on notice because it involves a virtually identical set of facts and is functionally an amended complaint. *See Cave Man Kitchens, Inc. v. Caveman Foods, LLC*, No. 2:18-cv-01274 RAJ, 2019 U.S. Dist. LEXIS 140135, at *10 (W.D. Wash. Aug. 19, 2019) (holding refiled complaint alleging similar facts, claims, and defenses effectively amended and related back to a complaint previously dismissed under Rule 12(b)); *Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 U.S. Dist. LEXIS 119289, at *14-15 (N.D. Cal. Sep. 1, 2016) (same).

Moreover, the cases cited by Intel are distinguishable. All of the cases are specific to equitable tolling of statutes of limitations in employment discrimination cases. *Carter v. Texas Dep't of Health* is a non-precedential decision where the original action was dismissed for lack of diligence by the plaintiff's counsel. *See* 119 F. App'x 577, 581 (5th Cir. 2004). The court in *Carter* specifically contrasted the dismissal of the original complaint due to lack of diligence with dismissal due to defective pleadings. *Luckett v. Rent-A-Center* is a Seventh Circuit case where the plaintiff did not even argue for relation back. 53 F.3d 871, 872 (7th Cir. 1995). And *Abram-Adams v. Citigroup, Inc.* is an Eleventh Circuit case where the plaintiff only filed a new case after failing to amend a complaint after a district court's explicit one-year deadline. 491 F. App'x 972, 976 (11th Cir. 2012). In contrast, HDC is properly following the procedures allowed by this Court. HDC refiled a functionally amended complaint involving the same parties and patents and essentially the same claims and defenses, where the Court specifically held that the original complaint could be refiled with more detailed factual allegations.

For these reasons, HDC's refiled complaint should be allowed to proceed under the original case number, 6:20-cv-00666-ADA.

Dated: June 15, 2022                                    Respectfully submitted,


By:   /s/ William Flachsbart
William W. Flachsbart (*pro hac vice*)
Mark M. Magas (*pro hac vice*)
DUNLAP BENNETT & LUDWIG PLLC
333 N. Michigan Ave, Suite 2700
Chicago, IL 60601
Telephone: (312) 551-9500
Fax: (312) 551-9501
Email: wflachsbart@dbllawyers.com
Email: mmagas@dbllawyers.com

Brian Medich (Admitted W.D. Tex./
D.C. Bar No. 1671486)
DUNLAP BENNETT & LUDWIG PLLC
1200 G St. NW, Suite 800
Washington, D.C. 20005
Telephone: (571) 919-6734
Fax: (855) 226-8791
Email: bmedich@dbllawyers.com

*Attorneys for Health Discovery Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2022, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ William W. Flachsbart*

William W. Flachsbart