# Exhibit 1

```
 1                UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                       WACO DIVISION

 3   HEALTH DISCOVERY            ) Docket No. WA 22-CA-356 ADA
     CORPORATION                 )
 4                               )
     vs.                         ) Waco, Texas
 5                               )
     INTEL CORPORATION           ) July 8, 2022
 6

 7       TRANSCRIPT OF MOTION HEARING VIA VIDEOCONFERENCE
            BEFORE THE HONORABLE DEREK T. GILLILAND
 8

 9   APPEARANCES:

10   For the Plaintiff:       Mr. William Flachsbart
                              Mr. Mark Magas
11                            Dunlap, Bennett & Ludwig, PLLC
                              333 North Michigan Avenue,
12                            Suite 2700
                              Chicago, Illinois 60601
13

14   For the Defendant:       Ms. Sarah E. Piepmeier
                              Perkins Coie, LLP
15                            505 Howard Street, Suite 1000
                              San Francisco, California 94105
16

17   Court Reporter:          Ms. Lily Iva Reznik, CRR, RMR
                              501 West 5th Street, Suite 4153
18                            Austin, Texas 78701
                              (512)391-8792
19

20

21

22

23

24

25   Proceedings reported by computerized stenography,
     transcript produced by computer-aided transcription.
```

| | | |
|---|---|---|
| 09:34:55 | 1 | THE COURT: Okay. Good morning, everybody. |
| 09:34:56 | 2 | We're here for a motions hearing on -- it's kind |
| 09:35:01 | 3 | of a unique motion on use of a new cause number or |
| 09:35:07 | 4 | relation back. So before we get started, let me have Ms. |
| 09:35:09 | 5 | Copp call the case. |
| 09:35:11 | 6 | THE CLERK: Yes, your Honor. |
| 09:35:12 | 7 | Calling Case No. WA 22-CV-356, styled, <u>Health</u> |
| 09:35:18 | 8 | <u>Discovery Corporation vs. Intel Corporation</u>. Called for a |
| 09:35:20 | 9 | motions hearing. |
| 09:35:20 | 10 | THE COURT: All right. And could I get |
| 09:35:22 | 11 | announcements starting with the plaintiff. |
| 09:35:26 | 12 | MR. FLACHSBART: Your Honor, William Flachsbart |
| 09:35:28 | 13 | on behalf of HDC, and with me today is Mark Magas. |
| 09:35:32 | 14 | THE COURT: Oh, we just lost your sound, Mr. |
| 09:35:34 | 15 | Flachsbart. |
| 09:35:36 | 16 | MR. FLACHSBART: Sorry. I'm trying to use only |
| 09:35:42 | 17 | one mic. With me today is Mr. Magas from our office who |
| 09:35:46 | 18 | will be doing the arguing. |
| 09:35:48 | 19 | THE COURT: Okay. Very good. Good morning, Mr. |
| 09:35:50 | 20 | Flachsbart, Mr. Magas. |
| 09:35:52 | 21 | Could I get announcements from the defendant. |
| 09:35:53 | 22 | MS. PIEPMEIER: Good morning, your Honor. |
| 09:35:54 | 23 | Sarah Piepmeier from Perkins Coie on behalf of |
| 09:35:57 | 24 | Defendant Intel Corporation. A few of my colleagues are |
| 09:36:01 | 25 | on the line, but most importantly, we have our |

| | | |
|---|---|---|
| 09:36:04 | 1 | representative from intel Corporation, Jared Edgar, who is |
| 09:36:07 | 2 | observing the proceedings.  Thank you, your Honor. |
| 09:36:10 | 3 | THE COURT:  All right.  Very good.  Well, good |
| 09:36:11 | 4 | morning, Ms. Piepmeier, and, Mr. Edgar, and everybody else |
| 09:36:15 | 5 | in attendance. |
| 09:36:16 | 6 | Before we start, one thing I want to just caution |
| 09:36:19 | 7 | or warn everybody about is, there's a whole lot of |
| 09:36:22 | 8 | construction going on around the courthouse, and we've |
| 09:36:24 | 9 | lost power unexpectedly a couple of times this week.  So |
| 09:36:27 | 10 | if we are in the middle of something and we appear -- the |
| 09:36:33 | 11 | Court appears to disappear, just hang tight and we'll |
| 09:36:37 | 12 | reconnect as quick as we can.  And I'm hopeful that by |
| 09:36:41 | 13 | giving that warning, we won't need to worry about it, but |
| 09:36:44 | 14 | we had to yesterday.  So just hang tight if you lose us. |
| 09:36:49 | 15 | All right.  So I've read the parties -- I've read |
| 09:36:54 | 16 | the motions.  Very interesting motion.  My apologies for |
| 09:36:57 | 17 | being a little late as I'd kind of gotten myself enmeshed |
| 09:37:03 | 18 | in doing some Lexis and Westlaw research on it and looking |
| 09:37:08 | 19 | over some of the case law.  So I'll share you some quick |
| 09:37:14 | 20 | thoughts and then, I'll let it -- I guess, Mr. Magas |
| 09:37:18 | 21 | begin. |
| 09:37:18 | 22 | But my initial thought is that given Judge |
| 09:37:23 | 23 | Albright's order in December of '21 that the claims in the |
| 09:37:28 | 24 | captioned matter dismissed without prejudice, it seems as |
| 09:37:34 | 25 | though under the federal rules at that point, the original |

09:37:37   1  case was in the language of some of the cases I've read
09:37:43   2  effectively a nullity; and so, the new case seems to have
09:37:48   3  started just that, a new cause number, a new case to me.
09:37:53   4  It seems not a whole lot different than if the party were
09:37:55   5  to just voluntarily dismiss a case under Rule 41 and then,
09:38:02   6  later, re-file the case.  So -- in which that situation,
09:38:09   7  you would get a new cause number, you'd get a new filing
09:38:11   8  date.
09:38:12   9          So that's kind of what it's looking like to me,
09:38:15  10  Mr. Magas.  So I share that with you not to put you on
09:38:19  11  your heels but to just kind of give you my thoughts in
09:38:22  12  case you want to craft the argument or address specific
09:38:26  13  issues related to that.  And with that, I will turn it
09:38:30  14  over to you to begin.
09:38:34  15          MR. MAGAS:  Certainly, your Honor.  Thank you.
09:38:36  16          This dispute is fundamentally about whether HDC's
09:38:38  17  re-filed complaint should relate back to its original
09:38:41  18  complaint.  The complaint should relate back in our
09:38:43  19  opinion because it is functionally an amended complaint.
09:38:46  20  To address your Honor's point, at all times during these
09:38:50  21  proceedings, the original case was still pending because
09:38:53  22  we had appealed the motion to -- the dismissal.  And this
09:39:00  23  case is functionally an amended complaint because it
09:39:03  24  involves the same underlying facts.  There's the same
09:39:06  25  parties, the same patents, and essentially the same

| | | |
|---|---|---|
| 09:39:07 | 1 | infringements and defenses.  And Intel's notably silent |
| 09:39:11 | 2 | about this in their briefs. |
| 09:39:12 | 3 | So because Judge Albright dismissed the case |
| 09:39:15 | 4 | without prejudice and then, closed the case, this gave us |
| 09:39:19 | 5 | guidance on how he wanted us to proceed that we could then |
| 09:39:22 | 6 | re-file the case with sufficient facts, which we believe |
| 09:39:25 | 7 | we've now alleged: and I think that's shown because Intel |
| 09:39:28 | 8 | chose not to file a Rule 12(b) motion to dismiss the new |
| 09:39:34 | 9 | complaint and simply filed its answer. |
| 09:39:38 | 10 | At the time Intel -- or HDC filed this new |
| 09:39:43 | 11 | complaint, it had no reasonable options given the |
| 09:39:47 | 12 | situation or given how the Judge ruled to file a formal |
| 09:39:53 | 13 | amended complaint.  But again, this is functionally an |
| 09:39:55 | 14 | amended complaint.  Intel relies on a narrow |
| 09:39:59 | 15 | interpretation of Federal Rule of Civil Procedure 15(c), |
| 09:40:03 | 16 | claiming that only a formal amended complaint may relate |
| 09:40:05 | 17 | back.  But Intel's argument is not based on any |
| 09:40:09 | 18 | precedential case law and it runs counter to the purpose |
| 09:40:12 | 19 | of the relation-back doctrine. |
| 09:40:14 | 20 | Fifth Circuit case law instructs that the Court |
| 09:40:17 | 21 | should interpret Rule 15(c) liberally.  And under this |
| 09:40:21 | 22 | Court's guidance and, for example, <u>Cornett vs. United</u> |
| 09:40:24 | 23 | <u>Airlines</u>, the key consideration in whether a complaint |
| 09:40:26 | 24 | that arises out of the same facts should be -- should |
| 09:40:31 | 25 | relate back is whether the defendant was properly on |

```
09:55:49   1   essentially get a redo on a case that was, as I said,
09:55:52   2   weeks away from expert reports and had a trial date.
09:55:55   3           So although I believe that this affects only the
09:55:58   4   damages issue and not the schedule, I think that the
09:56:00   5   decisions that HDC might make in proceeding and going
09:56:04   6   forward affect the prejudice that I was speaking of.
09:56:06   7           THE COURT:  Okay.  All right.  Let me give Mr. --
09:56:12   8   oh, let me ask you, Ms. Piepmeier, as well, just on the
09:56:16   9   idea of some supplemental briefing on this issue.  Is that
09:56:23  10   something you think would be beneficial?  Does Intel have
09:56:26  11   a position on that?
09:56:28  12           MS. PIEPMEIER:  Your Honor, if that would be
09:56:31  13   beneficial to the Court, we would be happy to do
09:56:33  14   supplemental briefing.  I'm not sure, to be honest, that
09:56:37  15   it's necessary because -- well, your Honor may have found
09:56:39  16   the perfect case, but as I read the cases, nothing really
09:56:43  17   fits this box.  And I haven't seen a situation where, you
09:56:48  18   know, the equity part was quite so apparent.  But we'd be
09:56:52  19   happy to do that if that would be helpful to the Court.
09:56:56  20           THE COURT:  Okay.  Thank you, Ms. Piepmeier.
09:56:57  21           Mr. Magas.
09:56:59  22           MR. MAGAS:  Sure, your Honor, a few points.
09:57:02  23           So first of all, there really is not any
09:57:05  24   prejudice to Intel, despite what they're claiming, because
09:57:07  25   they always knew what HDC was claiming from the complaint
```

09:57:12  1  and the claims it was making for infringement.  It's
09:57:15  2  fundamentally not different claims.  So Intel knew all
09:57:19  3  along what was at issue here.  And in terms of the balance
09:57:25  4  of equities, ruling the other way on this would
09:57:29  5  significantly prejudice HDC by removing those two years of
09:57:34  6  damages.
09:57:36  7           And finally, the record below -- this is not a
09:57:42  8  redo in any sense or -- forgive me, your Honor.  HDC is
09:57:49  9  allowed to redo the matter, but all the facts in the
09:57:55  10 underlying -- in the initial case, the record is binding
09:57:58  11 on HDC.  So those -- the record would not be relitigated.
09:58:03  12 But in an amended complaint, HDC was -- followed exactly
09:58:07  13 what this court was looking for when it issued its
09:58:10  14 extensive motion to dismiss where it had discussion on the
09:58:14  15 101 issue and was seeking clarification on that, and
09:58:17  16 that's what we provided with this functionally amended
09:58:20  17 complaint.
09:58:24  18           If you have no more further questions, your
09:58:27  19 Honor, thank you.
09:58:28  20           THE COURT:  Yeah.  Why did -- you know, looking
09:58:32  21 at the original -- I'll call it a pleading.  Just the
09:58:38  22 request to use originating case number.  I'm not even sure
09:58:42  23 what kind of docket entry that was filed under, yeah,
09:58:46  24 whether it was a motion or notice, but it's very sparse.
09:58:50  25           Why did y'all choose to do it that way rather

1                        * * * * * *

2

3  UNITED STATES DISTRICT COURT  )

4  WESTERN DISTRICT OF TEXAS)

5

6     I, LILY I. REZNIK, Certified Realtime Reporter,

7  Registered Merit Reporter, in my capacity as Official

8  Court Reporter of the United States District Court,

9  Western District of Texas, do certify that the foregoing

10 is a correct transcript from the record of proceedings in

11 the above-entitled matter.

12    I certify that the transcript fees and format comply

13 with those prescribed by the Court and Judicial Conference

14 of the United States.

15    WITNESS MY OFFICIAL HAND this the 15th day of July,

16 2022.

17                              *Lily Iva Reznik*

18                              ~~~~~~~~~~~~~~~~~~~~~~~~~
                                *LILY I. REZNIK, CRR, RMR*
19                              *Official Court Reporter*
                                *United States District Court*
20                              *Austin Division*
                                *501 West 5th Street,*
21                              *Suite 4153*
                                *Austin, Texas 78701*
22                              *(512)391-8792*
                                *SOT Certification No. 4481*
23                              *Expires: 1-31-23*

24

25