# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Health Discovery Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>Intel Corporation,<br><br>  Defendant. | Civil Action No. 6:22-cv-00356-ADA<br><br>The Honorable Alan D Albright<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS [ECF NO. 33]**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. LEGAL STANDARDS ..................................................................................................... 1
III. DISCUSSION .................................................................................................................... 2
IV. CONCLUSION .................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*Alice Corp. v. CLS Bank International*,
   134 S. Ct. 2347 (2014) ................................................................................................1, 4, 5

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018) ..........................................................................................1, 3

*Connell v. Sears, Roebuck & Co.*,
   722 F.2d 1542 (Fed. Cir. 1983) ..............................................................................................2

*Intel Corp. v. Health Discovery Corporation*,
   IPR2021-00550, Final Written Decision, Paper 36 (PTAB Sep. 6, 2022) .................3, 4

*Interval Licensing LLC v. AOL, Inc.*,
   896 F.3d 1335 (Fed. Cir. 2018) ..............................................................................................1

*Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*,
   566 U.S. 66 (2012) ...........................................................................................................1, 2, 5

*In re Pearson*,
   494 F.2d 1399 (CCPA 1974) ..................................................................................................2

**Statutes**

35 U.S. Code § 101 ...............................................................................................................1, 2

35 U.S. Code § 102 ...................................................................................................................2

I.      INTRODUCTION

This supplemental brief was authorized in the Court's directive of October 7, 2022, to address the questions of whether and how the PTAB's Final Written Decisions ("FWDs") in IPRs 2021-00550, 2021-00552, and 2021-00554 – **Exhibits A-C** respectively – concerning HDC's U.S. Patent Nos. 7,117,188 (the "'188 patent"), 7,542,959 (the "'959 patent"), and 8,095,483 (the "'483 patent"), respectively, should inform the Court's consideration of Intel's Motion for Judgment on the Pleadings (ECF No. 33). In its FWDs, the PTAB determined that none of the challenged claims were proved unpatentable. Accordingly, the FWDs provide factual underpinnings for consideration under *Alice* Step 2 and the "inventive concept" recited in the claims, should the Court find it necessary to undertake such a review.

II.     LEGAL STANDARDS

Patent eligibility under § 101 is a question of law that may involve underlying questions of fact. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018) (citing *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018)).  The Supreme Court established a two-step test for examining patent eligibility under § 101 in *Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347 (2014). Under step one, courts "determine whether the claims at issue are directed to . . . [a] patent-ineligible concept[,]" such as an abstract idea. *Id.* at 2355 (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 77-79 (2012)). Under step two, the courts "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* Step two has been described as "a search for an 'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (alteration in original)

(quoting *Mayo*, 566 U.S. at 72). Hence, one of the factual questions underlying the legal determination of patent eligibility is whether (or not) the subject claims include "an inventive concept." This can be addressed by considering what were or were not "well-understood, routine, conventional activit[ies]" at the time of the invention. *Id*. at 2359.

### III.  DISCUSSION

In this case, the PTAB's decisions on the patentability of HDC's patent claims have made the fact-finder's work easier by addressing the inventive concept embodied in the challenged claims, albeit in the context of Intel's allegations of obviousness in the IPRs. This is of no moment, however, as the Supreme Court has recognized that there may be overlap between the patent eligibility inquiry and other patent requirement inquiries. *See Mayo*, 132 S. Ct. at 1304 ("We recognize that, in evaluating the significance of additional steps, the § 101 patent-eligibility inquiry, and, say, the § 102 novelty inquiry might sometimes overlap."); *and see Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) ("[A]nticipation is the epitome of obviousness."); *In re Pearson*, 494 F.2d 1399, 1402 (CCPA 1974) (Anticipation is "the ultimate . . . obviousness.").

The PTAB's Final Written Decisions directly addressed the alleged obviousness of HDC's patent claims. In doing so, the Board remarked on what was and was not well-understood, routine, or conventional in the art, in the context of an inventive concept included in the challenged claims. For example, the Board first noted that Intel provided:

> [N]o persuasive basis to find that a skilled artisan would have viewed Hocking's 'ranking based on weight values' to be a simple or computationally efficient ranking criteria in Kohavi's wrapper method used with an SVM. Although [Intel's] expert refers to Hocking's teaching that an optimal subset of variables can be derived "with a minimum of computation", we find little persuasive value in this representation as a motivating factor because it is unclear a skilled artisan would have recognized a link between the minimal computational benefits of Hocking's ranking when applied to Kohavi/Boser combination. It is undisputed that Hocking's

ranking is characterized as using "a minimum of computation" in the context of a very different application than SVMs and relies on different objectives and assumptions. [Intel] has not shown persuasively that those computational gains would also have been recognized by skilled artisans to occur in the context of Kohavi's wrapper method applied to Boser's SVM.

*Intel Corp. v. Health Discovery Corporation*, IPR2021-00550, Final Written Decision, Paper 36, slip op. at 32 (PTAB Sep. 6, 2022) (citations omitted) (attached as **Exhibit A**). Along these same lines, the Board remarked that Intel offered:

No persuasive technical reasoning or evidence . . . to actually demonstrate that a skilled artisan would have reasonably expected an improvement to occur; for example, neither [Intel], nor its expert, explains *how* the modification [of the prior art to meet the claimed invention] would have improved upon what was previously known. All that is provided is a conclusory statement that has little, if any, evidentiary value.

*Id*. at 33. The Board summarized this analysis of what was not well-understood, routine, or conventional by noting that:

When all of [Intel's] evidence and arguments regarding the combination of Kohavi, Boser, and Hocking are viewed in light of [HDC's] arguments, we are not persuaded that using the optimized weights generated by an SVM to compute the ranking criteria in Kohavi's wrapper method would have been a known technique to skilled artisans at the time of the invention for selecting a subset of features.

*Id*. at 36.

The PTAB's thorough and thoughtful analysis of the invention recited in HDC patent claims could (and should), on a factual basis, inform the question of whether the claims at issue in this litigation include an "inventive concept." The Board's analysis reveals that a person of ordinary skill at the time of the invention would not have selected and combined prior art elements in the normal course of research and development to arrive at the claimed invention. Therefore, it follows logically from a factual standpoint, that what is recited in the claims cannot be deemed to have been well-understood, routine, and conventional. *Accord Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018) ("Whether a particular technology is well-understood, routine, and

3

conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional.").

The Board's FWDs thus directly inform the question of whether or not HDC's claims recite "something more" than a mere abstract idea. At a minimum, the Board's determination of non-obviousness leaves open a factual question. If a person of ordinary skill at the time of the invention would not have selected and combined the subject prior art elements in the normal course of research and development (which is a necessary conclusion of the non-obviousness determination), can those prior art elements be considered well-understood, routine, and conventional such that the claim fails to recite "something more?" The answer to that question is not an issue of law to be decided by the Court; rather, it is a fact that must be found by the fact-finder in order to ultimately determine the legal conclusion of eligibility.

The PTAB's FWD concerning the '188 patent recognized that the solution claimed in the HDC patents is one rooted in the classification instrument field. IPR2021-00550, Paper 36, slip op. at 2. Exhibit A.[1] The FWD also makes clear that the solution overcomes a problem specifically identified as arising in that field. *Id*. at 3-4. And the FWD makes clear that all of the evidence and expert testimony amassed by Intel in the IPRs was insufficient to demonstrate that the claimed technique was one that would have been known to skilled artisans at the time of the invention. *Id*. at 36. In other words, when viewed as a whole, the claims recite more than just 'well-understood, routine, conventional activit[ies]' previously known to the industry." *See Alice*, 134 S. Ct. at 2359

---

[1] The PTAB's FWD concerning the '188 patent is representative of the FWDs for the '959 and '483 patents.

4

(quoting *Mayo,* 132 S. Ct. at 1294). These are findings of value for the fact finder in the current case.

As explained in HDC's earlier papers, when Intel sought its own patent on this process, it had no difficulty explaining to the USPTO that the process was patent eligible because it produced a "concrete result." *See* Intel's '077 Patent File History, Office Action Response of June 2, 2009. This Court should hold Intel to its earlier position and refuse to grant its current motion.

### IV.  CONCLUSION

Here, and for the above reasons, the PTAB's FWDs confirming the patentability of the challenged claims in the face of Intel's obviousness challenges provides additional factual evidence to inform the fact finder's decision on whether the claims recite an inventive concept under Step 2 of *Alice*.

Dated: October 14, 2022

Respectfully submitted,

By: */s/ Raymond Jones*
William W. Flachsbart
Mark A. Magas
**DUNLAP BENNETT & LUDWIG PLLC**
333 N. Michigan Ave, Suite 2700
Chicago, IL 60601
Telephone: (312) 551-9500
Fax: (312) 551-9501
Email: wflachsbart@dbllawyers.com
Email: mmagas@dbllawyers.com

Raymond Jones
**DUNLAP BENNETT & LUDWIG PLLC**
211 Church St SE
Leesburg, VA 20175
Telephone: 571-465-9454
Email: rjones@dbllawyers.com

Brian Medich (Admitted W.D. Tex./
D.C. Bar No. 1671486)

5

**DUNLAP BENNETT & LUDWIG PLLC**
1200 G St. NW, Suite 800
Washington, D.C. 20005
Telephone: (571) 919-6734
Fax: (855) 226-8791
Email: bmedich@dbllawyers.com

*Attorneys for Health Discovery Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

*/s/ Raymond Jones*
Raymond Jones
*Attorney for Health Discovery Corporation*